SNELL & WILMER L.L.P.
Howard M. Privette, Bar No. 137216
hprivette@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

IFRAH LAW P.L.L.C.
A. Jeff Ifrah (pro hac vice forthcoming)
jeff@ifrahlaw.com
Abbey Block (pro hac vice forthcoming)
ablock@ifrahlaw.com
1717 Pennsylvania Ave, N.W.
Suite 650
Washington, DC 20006
Telephone: 202.524.4140
Facsimile: 202.524.4141

Attorneys for Specially Appearing Defendant
MW Services Ltd.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BOUCHER, individually and on behalf of all others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> MW SERVICES LTD., d/b/a WOW VEGAS, <br><br> Specially Appearing Defendant. | Case No. 2:25-at-01288 <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d)(2) & § 1332(a); EXHIBITS A-F; DECLARATION OF RORY CARTWRIGHT** <br><br> **(Case removed from Superior Court of California, County of Stanislaus, Case No CV-25-005830)** <br><br> Date Action Filed: June 17, 2025 <br> Date Removed: September 26, 2025 |

- 1 -

4917-9691-5044

NOTICE OF REMOVAL – CIVIL ACTION (CAFA/DIVERSITY)

**TO THE PARTIES AND THE ABOVE-ENTITLED COURT**:

**PLEASE TAKE NOTICE** that pursuant to the Class Action Fairness Act ("CAFA") and 22 U.S.C. § 1332(a), 1332(d), 1441, 1446, and 1453, specially appearing defendant MW Services Ltd., d/b/a Wow Vegas ("Defendant"), hereby specially appears for the purposes of this removal, and, preserving all defenses (including lack of personal jurisdiction and the right to move to compel arbitration), removes this civil action to this Court from the Superior Court of the State of California for the County of Stanislaus. In support of this Notice of Removal, Defendant further alleges and states as follows:

## JURSIDICTION AND VENUE

1. A defendant has a right of removal where an action brought in a state court is one over which the district court has original jurisdiction. 28 U.S.C. § 1441.

2. This Court has original jurisdiction over this action because (1) this action is purportedly brought on behalf of a putative class consisting of more than 100 members; (2) minimal diversity exists between the parties; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015).

3. Alternatively, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."

4. Venue is proper in this district because the Stanislaus County Superior Court is within the Eastern District of California, and Defendant has complied with the procedural requirements of 28 U.S.C. §§ 1453 and 1446. Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

///

# BACKGROUND

1. On June 17, 2025, plaintiff Jennifer Boucher ("Plaintiff") commenced a civil action against Defendant in the Superior Court of the State of California for the County of Stanislaus, entitled *Jennifer Boucher v. MW Services Ltd., d/b/a Wow Vegas*, Case No. CV-25-005830 (the "Action"). A true and correct copy of the Complaint filed in the Action, as obtained through the Stanislaus Superior Court's website, is attached as **Exhibit A** (the "Complaint" or "Compl.").

2. On September 8, 2025, Defendant executed a Notice and Acknowledgement Form with respect to service. A copy of the executed Notice and Acknowledgment Form is attached hereto as **Exhibit F**. Accordingly this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b).

3. Defendant attaches hereto copies of all pleadings, orders, and other documents from the Action that are currently available through the Stanislaus County Superior Court's Public Portal function, comprised of the following: (**Exhibit A**) Class Action Complaint; (**Exhibit B**) Civil Case Cover Sheet; (**Exhibit C**) Summons; (**Exhibit D**) Notice of Case Management Conference; and, (**Exhibit E**) Declaration of Scott Edelsberg Regarding Proper Venue Under The Consumer Legal Remedies Act.

4. A copy of this Notice of Removal will be filed promptly with the Stanislaus County Superior Court, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

5. Plaintiff's Complaint against Defendant purports to assert violations of: (1) California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"); and (2) California's Consumer Legal Remedies Act, Civ. Code §§ 1750, *et seq.* (the "CLRA") based on allegations that Defendant publishes entertaining online games, namely casino-themed social games via a platform available at https://www.wowvegas.com (the "Platform"), which Plaintiff erroneously contends to be an illegal gambling website under California law. **Exhibit A**, Compl. ¶¶ 1, 5, 16.

///

6. Plaintiff seeks to represents a class broadly defined as "All California residents who, during the applicable limitations period, played and lost money wagering on Defendant's online casino games." **Exhibit A**, Compl. ¶ 98.

7. Plaintiff's Prayer for Relief purports to seek, in pertinent part: (1) an order "certifying the action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, defining the Class as requested herein, [and] appointing Plaintiff as a class representative and her counsel as class counsel;" (2) the award of "economic, monetary, actual, consequential, compensatory, and punitive damages available at law"; (3) the award of "actual and statutory damages" to Plaintiff and the class members; (4) the award of "reasonable attorneys' fees, costs, and other litigation expenses"; (5) the award of pre- and post- judgment interest; (6) an order enjoining Defendant from "continuing to engage in the wrongful acts and practices" alleged in the Complaint; (7) declaratory and equitable relief, including restitution and disgorgement; (8) the award of public injunctive relief; and (9) the award of "such further and other relief as the Court deems just, proper and equitable." **Exhibit A**, Compl. at 25:1-9.

8. If any question arises as to the propriety of removal of this action, Defendant respectfully requests an opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

9. By removing this action, Defendant does not consent to this Court's exercise of personal jurisdiction over it in this action and reserves the right to move for dismissal on that ground. *Kostelac v. Allianz Global Corp. & Specialty AG*, 17 Fed. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]"); *Dielsi v. Falk*, 91 F. Supp. 985, 994 (C.D. Cal. 1996) (defendant "does not waive jurisdictional challenges by removing the case to federal court"); *Naxos Resources (U.S.A.) Ltd. v. Southam Inc.*, CV 96-2314 WJR (MCx), 1996 WL 662451, at *8 (C.D. Cal. Aug. 16, 1996) ("The standard rule appears to be that a defendant does not waive jurisdictional challenges by removing to

federal court."); *see also* Fed. R. Civ. P. 12(b) (defense of "insufficient service of process" not waived by removal).

10. Moreover, Defendant does not waive the right to seek to compel arbitration and/or dismissal under any other substantive defenses it may assert under the Federal Rules or any other federal statute. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (employer did not waive right to compel arbitration by removing case to federal court).

## GROUNDS FOR REMOVAL

11. Under 28 U.S.C. § 1446(a), a notice of removal need only contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Moreover, the Supreme Court has held that a defendant's notice of removal "need only include a plausible allegation" that the jurisdictional requirements are satisfied. *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

12. Although Defendant denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, removal of this case is proper under 28 U.S.C. §§ 1332(d)(2), which "provides the district court with original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra*, 775 F.3d at 1195.

13. As discussed in further detail below, all requirements for removal are met in this case: there is diversity between Defendant and at least one plaintiff (here, the named Plaintiff), the number of class members will exceed 100, and the amount in controversy exceeds $5 million, exclusive of interests and costs.

14. Further, although Defendant denies any and all liability as to Plaintiff's claims, removal of this case is also proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of a State and citizens or subjects of a foreign state" where the amount in

controversy exceeds $75,0000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

15. The requirements for removal on the basis of diversity are similarly satisfied: the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and Defendant.

# I. REMOVAL PURSUANT TO CAFA, 28 U.S.C. § 1332(d).

## A. The Proposed Class Readily Exceeds 100 Members.

16. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23. 28 U.S.C. § 1332(d)(1)(B). For removal purposes, CAFA requires that the proposed class consists of at least 100 persons. *Id.* § 1332(d)(5)(B).

17. Plaintiff purports to seek relief on behalf of herself and a proposed class pursuant to Fed. R. Civ. P. 23. **Exhibit A**, Compl. ¶ 97.

18. Plaintiff's proposed class definition broadly includes "[a]ll California residents who, during the applicable limitations period, played and lost money wagering on Defendant's online casino games." **Exhibit A**, Compl. ¶ 98. Plaintiff's Complaint also alleges that "there are hundreds, if not thousands of Class members" under the proposed class definition. *Id.* ¶ 99.

19. Claims arising under the CLRA are generally subject to a three-year statute of limitations and UCL claims are generally subject to a four-year statute of limitations. Cal. Civ. Code § 1783; Cal. Bus. & Prof. Code § 17208; *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010).

20. Here, both the allegations in the Plaintiff's Complaint (*see* **Exhibit A**, Compl. ¶ 99) and the information within the Declaration of Rory Cartwright filed herewith as **Exhibit G** ("Cartwright Decl."), establish that there are at least 100 members within the proposed class.

21. Defendant's business records reflect that during the four years preceding the filing of the Action to the present, more than 50,000 people in the state of California made a purchase on Defendant's Platform. **Exhibit G**, Cartwright Decl. ¶ 7. This is

1  supported by the allegations in Plaintiff's Complaint, which explicitly allege that the
2  proposed class is composed of "hundreds, if not thousands of Class members." **Exhibit**
3  **A**, Compl. ¶ 99.

4  22.  Given these circumstances, Defendant has plausibly alleged that a sufficient number of class members exist for removal under CAFA's threshold requirements.

### B. The Amount in Controversy Exceeds $5 Million

23.  Pursuant to 28 U.S.C. 1332(d)(2), the district court "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." To "determine whether the matter in controversy" exceeds $5 million, "the claims of the individual class members shall be aggregated," 28 U.S.C. § 1332(d)(6), and those "class members" include "persons (named or unnamed) who fall within the definition of the proposed or certified class." *Id.* § 1332(d)(1)(D).  Moreover, the amount in controversy may also include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as the attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 1118, 1121-22 (9th Cir. 2013) (citing *Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)).

24.  To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must only make a plausible claim that the amount in controversy exceeds the jurisdictional threshold. *Dart*, 574 U.S. at 84.

25.  Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 679, 690 (9th Cir. 2006) (internal citation omitted). However, a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Abrego*, 443 F.3d at 690. To this end, the Ninth Circuit has explained that when it is unclear from the face of the complaint

whether the amount in controversy exceeds the amount in controversy threshold, the defendant need only establish by a "preponderance of the evidence" that the amount in controversy exceeds $5 million. *See Ibarra*, 775 F.3d at 1197 (citing *Rogriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013)).

26. Under the "either viewpoint" rule, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2017) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Maine Community Health Options v. Albertsons Companies, Inc.*, 993 F.2d 720, 723 (9th Cir. 2021) ("In suits not seeking monetary relief, 'if the value of the thing to be accomplished [is] equal to the dollar minimum of the jurisdictional amount requirement to anyone concerned in the action, then jurisdiction [is] satisfied."); *Pagel v. Dairy Farmers of America, Inc.*, 986 F. Supp. 2d 1151, 1159-60 (C.D. Cal. 2013) (the "either viewpoint rule" can be used to determine the amount in controversy in CAFA cases).

27. Here, the amount in controversy requirement is satisfied based upon the allegations in the Plaintiff's Complaint (*see* **Exhibit A**, Compl. ¶ 25) and the Declaration of Rory Cartwright. **Exhibit G**, Cartwright Decl. ¶ 8.

28. As an initial matter, Plaintiff's Complaint explicitly alleges that "Defendant has sold millions of dollars of virtual items to thousands of California residents." **Exhibit A**, Compl. ¶ 25.

29. Plaintiff's proposed class definition broadly includes "[a]ll California residents who, during the applicable limitations period, played and lost money wagering on Defendant's online casino games." **Exhibit A**, Compl. ¶ 98.

30. Claims arising under the CLRA are generally subject to a three-year statute of limitations and UCL claims are generally subject to a four-year statute of limitations. Cal. Civ. Code § 1783; Cal. Bus. & Prof. Code § 17208; *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130 (C.D. Cal. 2010).

31. Plaintiff seeks "all economic, monetary, actual, consequential, compensatory and punitive damages available at law," and the award of actual and statutory damages to Plaintiff and "all class members." **Exhibit A**, Compl. 25:4-7.

32. According to Defendant's business records, purchases on Defendant's Platform by users in the state of California, from four years preceding the filing of the Action to the present, exceeded $5 million. **Exhibit G**, Cartwright Decl. ¶ 8.

33. Plaintiff also seeks an order enjoining Defendant from "continuing to engage in the wrongful acts and practices" alleged in the Complaint. **Exhibit A**, Compl. ¶ 121. As discussed above, Plaintiff alleges that "Defendant's wrongful acts and practices" consist of offering it entertaining casino-style games to users in California, which Plaintiff erroneously alleges constitute "illegal gambling." **Exhibit A**, Compl. ¶¶ 1, 5, 16. Taken together, these allegations support the conclusion that Plaintiff seeks equitable relief that would prohibit Defendant from offering its Platform to users in California.

34. Defendant's compliance with an injunction requiring it to cease all operations in California would result in significant financial loss – of potentially millions of dollars – to Defendant. This conclusion is supported by the accompanying Declaration of Rory Cartwright. **Exhibit G**, Cartwright Decl. ¶ 10.

35. The amount in controversy must also consider any attorneys' fees that Plaintiff may seek under the CLRA and UCL. *Kim v. Euromotors West/The Auto Gallery*, 149 Cal.App.4th 170, 178-79, (2007) ("[A]n award of attorney fees to a 'prevailing plaintiff' in an action brought pursuant to the CLRA is mandatory."); *Wagner v. Wal-Mart Associates, Inc.*, 668 F. Supp.3d 1047, 1053 (C.D. Cal. 2023) (internal quotation marks omitted) (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

36. In conclusion, while Defendant denies that Plaintiff or the putative class

should be or will be entitled to any recovery or relief whatsoever, if the Court were to award the relief sought by Plaintiff, the financial loss to Defendant from the requested injunction and the amount of damages claimed by Plaintiff would exceed $5 million. Given these circumstances, CAFA's threshold $5 million amount in controversy requirement is satisfied.

### C. Minimal Diversity Exists Among the Parties.

37. To establish federal jurisdiction, a defendant must show only minimal diversity – i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(a); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.")

38. For diversity of citizenship, a business organization is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (citing U.S.C. §§ 1332(c)(1)).

39. At the time this action was commenced, Defendant was and remains a foreign company incorporated and existing under the laws of Gibraltar with its principal place of business in Gibraltar. **Exhibit A**, Compl., ¶ 16; **Exhibit G**, Cartwright Decl. ¶¶ 3-5. Thus, for purposes of diversity, it is a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

40. Plaintiff's Complaint identifies no other defendant other than MW Services Ltd. **Exhibit A**, Compl. ¶ 16.

41. According to the allegations in the Complaint, at the time this action was commenced, and "[a]t all times material hereto," Plaintiff "has been a resident of Riverbank, California." **Exhibit A**, Compl. ¶ 15. Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction. *Knator v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

42. Diversity of citizenship exists between Defendant and at least one member of the proposed class – Plaintiff. Thus, removal is proper. 28 U.S.C. § 1332(d)(2)(A).

**II. REMOVAL PURSUANT TO 28 U.S.C. § 1332(a).**

**A. The Amount in Controversy Exceeds $75,000.**

43. The "amount in controversy" element of diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

44. As noted above, under the "either viewpoint" rule, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2017) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

45. Plaintiff seeks an order enjoining Defendant from "continuing to engage in the wrongful acts and practices" alleged in the Complaint. **Exhibit A**, Compl. ¶ 25:9-11. As discussed above, Plaintiff alleges that "Defendant's wrongful acts and practices" consist of offering it entertaining casino-style games to users in California, which Plaintiff erroneously alleges constitute "illegal gambling." **Exhibit A**, Compl. ¶¶ 1, 5, 16. Taken together, these allegations support the conclusion that Plaintiff seeks equitable relief that would prohibit Defendant from offering its Platform to users in California.

46. Defendant's compliance with an injunction requiring it to cease all operations in California would result in significant financial loss – far in excess of $75,000 – to Defendant.

47. This conclusion is supported by the accompanying Declaration of Rory Cartwright, which states that according to Defendant's business records, purchases on Defendant's Platform by users in the state of California, from four years preceding the filing of the Action to the present, far exceeded $75,000, and are projected to follow a

similar pattern and trajectory of growth. **Exhibit G**, Cartwright Decl. ¶¶ 6-9.

48.     The allegations in Plaintiff's Complaint similarly support the conclusion that Defendant would incur a financial loss well in excess of $75,000 if it were ordered to cease operations in California given that Plaintiff specifically alleges that "Defendant has sold millions of dollars of virtual items to thousands of California residents." **Exhibit A**, Compl. ¶ 25.

49.     Accordingly, under the applicable "either viewpoint rule" the amount in controversy requirement is satisfied given the financial loss Defendant would incur if the Court were to grant Plaintiff's request for injunctive relief. *In re Ford Motor Co.*, 264 F.2d at 958.

50.     The amount in controversy must also consider any attorneys' fees that Plaintiff may seek under the CLRA and UCL. *Kim v. Euromotors West/The Auto Gallery*, 149 Cal.App.4th 170, 178-79, (2007) ("[A]n award of attorney fees to a 'prevailing plaintiff' in an action brought pursuant to the CLRA is mandatory."); *Wagner v. Wal-Mart Associates, Inc.*, 668 F. Supp.3d 1047, 1053 (C.D. Cal. 2023) (internal quotation marks omitted) (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

51.     In conclusion, while Defendant denies that Plaintiff should or will be entitled to any recovery or relief whatsoever, if the Court were to award the relief sought by Plaintiff, the financial loss to Defendant from the requested injunction alone would exceed $75,0000. Further, Defendant would incur additional pecuniary loss should it be ordered to compensate Plaintiff for her attorney's fees.

52.     Given these circumstances, the amount in controversy requirement is satisfied due to costs Defendant would incur in the event the Plaintiff's request for injunctive relief was granted. Simply put, Defendant's cost of compliance with such an injunction would far exceed the $75,000 amount in controversy requirement.

**B. There is Complete Diversity Among the Parties.**

53.  Complete diversity of citizenship exists because Plaintiff is domiciled in California and Defendant is neither incorporated nor headquartered in California. 28 U.S.C. § 1441(b).

54.  At the time this action was commenced, Defendant was and remains a foreign company incorporated and existing under the laws of Gibraltar with its principal place of business in Gibraltar. Compl., ¶ 16; Ex. G, ¶¶ 3-5. Thus, for purposes of diversity, it is a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

55.  Plaintiff's Complaint identifies no other defendant other than MW Services Ltd. **Exhibit A**, ¶ 16.

56.  According to the allegations in the Complaint, at the time this action was commenced, and "[a]t all times material hereto," Plaintiff "has been a resident of Riverbank, California." **Exhibit A**, Compl. ¶ 15. Thus, Plaintiff is a citizen of California for purposes of diversity jurisdiction. *Knator v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

57.  Accordingly, there is complete diversity between Plaintiff (a citizen of California) and Defendant (a citizen of a foreign state). Given these circumstances, removal is proper pursuant to 28 U.S.C. § 1441(a), 1441(b), and 1332(a). *Doe I v. Cerebral, Inc.*, 687 F. Supp.3d 892, 894 (N.D. Cal. 2023) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)) ("Diversity jurisdiction 'requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.'").

## CONCLUSION

58.  Removal of this action is proper under\ 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.

59.  Removal of this action is also proper under 28 U.S.C. §§ 1332(a) and 1441, and 1446.

60.  Based on pre-filing "meet and confer" discussions with Plaintiff's

counsel, Defendant understands that Plaintiff does not intend to contest removal. Nevertheless, should Plaintiff move to remand this case, Defendant respectfully requests an opportunity to respond more fully in writing, including the submission of additional declarations and authority.

61. Defendant reserves all its defenses, including defenses based on lack of personal jurisdiction and arbitrability of the claims alleged in the Complaint.

Dated: September 26, 2025            SNELL & WILMER L.L.P.

By: */s/ Howard M. Privette*
    Howard M. Privette

Attorneys for Specially Appearing Defendant MW Services Ltd.